# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

In the Matter of the
Personal Restraint of

RODERICK LUTHER KING-PICKETT,

Petitioner.

No. 51780-9-II

UNPUBLISHED OPINION

MELNICK, J. — Roderick King-Pickett seeks relief from personal restraint imposed following his 2016 convictions for robbery in the first degree and burglary in the first degree.[1] First, he argues that the State failed to present sufficient evidence because as cross racial identifications, the witness identifications of him were unreliable. "The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). In addition to being found in possession of items from the victims' residence, King-Pickett was found by police within a mile of that residence with clothing consistent with that described by one of the victims and carrying a plastic bag

---

[1] We issued the mandate of King-Pickett's direct appeal on April 27, 2018, making his April 26, 2018 petition timely filed. RCW 10.73.090(3)(b).

consistent with that victim's description. During an on-scene identification, the other victim said that he was 70 percent sure that King-Pickett intruded into his residence. At trial, that victim said he was 70 percent unsure whether King-Pickett intruded into his residence. But where, as here, the defendant is found in possession of property stolen from a residence, only slight corroborative evidence is required to suffice for a conviction for burglary. *State v. Mace*, 97 Wn.2d 840, 843, 650 P.2d 217 (1982). Viewing the identification evidence in the light most favorable to the State, that evidence is sufficient to support King-Pickett's convictions for robbery and burglary.

Second, King-Pickett argues that the trial court erred in not instructing the jury that mere possession of stolen property is not sufficient to support a finding of guilt as to either robbery or burglary. We review the refusal to give such an instruction for an abuse of discretion. *State v. Ehrhardt*, 167 Wn. App. 934, 939, 276 P.3d 332 (2012). Given that the State did present evidence beyond mere possession of stolen property, King-Pickett does not show that the trial court abused its discretion in not giving the instruction.

Third, King-Pickett argues that the prosecutor committed misconduct in closing argument by arguing that King-Pickett could be guilty as an accomplice when accomplice liability had not been alleged in the information. But the arguments he cites to, that "[i]t's possible there was another guy in the house" and "[i]t's possible that somehow the defendant got the property," Resp. to Pet., App. G at 2, were made as possible explanations that King-Pickett could have given, not as an argument for accomplice liability. King-Pickett does not show prosecutorial misconduct.[2]

---

[2] King-Pickett's related argument that his trial counsel was ineffective in not objecting to the State's argument fails because he does not show deficient performance. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995); *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

Fourth, King-Pickett argues that because he was found in possession of a knife and a hammer, either of which could have been found to be a deadly weapon, the trial court erred in not giving a *Petrich*[3] instruction that the jurors must unanimously agree whether they found that he was armed with a deadly weapon or that he displayed what appeared to be a deadly weapon. But where, as here, the State presented sufficient evidence to support a finding that either the knife or the hammer was a deadly weapon that King-Pickett was either armed with or had displayed during the robbery, the trial court need not instruct the jury that it needed to be unanimous as to which of the alternative means of committing robbery King-Pickett had committed. *State v. Ortega-Martinez*, 124 Wn.2d 702, 707-08, 881 P.2d 231 (1994).

Fifth, King-Pickett argues that the trial court erred in instructing the jury in the to-convict instruction on the burglary in the first degree charge when it included as an element that in entering, remaining, or in immediate flight from the residence "the defendant was armed with a deadly weapon or assaulted a person." Resp. to Pet., App. C at 23. He contends that without a *Petrich* instruction as to which of these alternative means was found by a unanimous verdict, the to-convict instruction is incorrect. The State concedes that the instruction was erroneous when it included the phrase "or assaulted a person" because assault was never alleged and no evidence of assault was presented. But it contends that because the jury unanimously found that King-Pickett was armed with a deadly weapon when he committed the burglary and because of the absence of evidence of an assault, the jury could not have unanimously found that King-Pickett assaulted a person when he committed the burglary. Thus, it contends that the error in the instruction was

---

[3] *State v. Petrich*, 101 Wn.2d 566, 683 P.2d 173 (1984).

harmless. *State v. Nicholas*, 55 Wn. App. 261, 273, 776 P.2d 1385 (1989). Given the lack of evidence or argument that King-Pickett assaulted a person while committing the burglary and the unanimous verdict that he was armed with a deadly weapon while committing the burglary, we agree that the error in the instruction was harmless.[4]

Sixth, King-Pickett argues that his trial counsel was ineffective in not asking for instructions on theft in the first degree, theft in the second degree, and robbery in the second degree as lesser-included crimes as to the robbery charge. But theft in the first degree and theft in the second degree were not lesser-included crimes as to King-Pickett's robbery in the first degree charge. *State v. Roche*, 75 Wn. App. 500, 511, 878 P.2d 497 (1994). Thus, trial counsel did not perform deficiently in not requesting those lesser-included instructions. And because the jury found King-Pickett guilty as to the greater crime of robbery in the first degree, King-Pickett does not show resulting prejudice from the failure to request a lesser-included instruction on robbery in the second degree. *State v. Grier*, 171 Wn.2d 17, 43-44, 246 P.3d 1260 (2011). So King-Pickett fails to show that he received ineffective assistance of counsel. *State v. McFarland*, 127 Wn.2d 322, 335-36, 899 P.2d 1251 (1995).

Finally, King-Pickett argues that his deadly weapon sentencing enhancements are invalid because the trial court did not give a deadly weapon special verdict definition and did not instruct the jury that he "or an accomplice" was armed with a deadly weapon when committing the crimes. But the trial court did give an instruction defining deadly weapon for purposes of entering a special

---

[4] Because we find the error harmless, King-Pickett's arguments that his trial counsel was ineffective for not objecting to the instruction and that his appellate counsel was ineffective for not raising the issue in his direct appeal fail because he does not show any resulting prejudice. *McFarland*, 127 Wn.2d at 335-36.

verdict. And because there was no evidence presented of an accomplice to the crimes, the trial court was not required to include the phrase "or an accomplice" in the special verdict instruction and special verdict forms. King-Pickett's sentencing enhancements are valid.

King-Pickett fails to demonstrate unlawful restraint. Therefore, we deny his petition.[5]

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MELNICK, J.

We concur:

_____
WORSWICK, J.

_____
MAXA, C.J.

---

[5] We also deny his request for appointment of counsel.